UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA NICOLE COFER,<br>        Plaintiff,<br>    v.<br>BRENDA GAYLE MARTIN, et al.,<br>        Defendants. | Case No. 25-cv-07239-JCS<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

## I. INTRODUCTION

Plaintiff Erica Cofer, pro se, applied to proceed in forma pauperis and the Court granted her application. *See* Docket No. 7. The Court now reviews the sufficiency of Plaintiff's complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because the complaint does not appear to allege federal jurisdiction, Plaintiff is ORDERED TO SHOW CAUSE why the complaint should not be dismissed. Plaintiff may file either an amended complaint or a response to this order addressing why her complaint is sufficient, no later than **December 10, 2025**. The Case Management Conference set for **December 3, 2025** is vacated.

## II. ALLEGATIONS OF THE COMPLAINT[1]

This case appears to be related to a custody dispute concerning Plaintiff's son that was or is pending in state court. Plaintiff has named as defendants Brenda Gayle Martin (Plaintiff's mother), Edward Vergel Astorga, Sr. (the father of the child), Adrian Leandre McDaniels (Brenda Martin's "step-nephew") and his wife Sarah Elizabeth Lange McDaniels, SecurityBricks, Inc.,

---

[1] Because the factual allegations of a plaintiff's complaint are generally taken as true in the context of determining whether the complaint states a claim, this section summarizes Plaintiff's allegations as if true. Nothing in this order should be construed as resolving any issue of fact that might be disputed at a later stage of the case

"Corp-Partner Google[,]" and Microsoft.  Compl. at 1-4.  According to Plaintiff, the child custody dispute is "fabricated" and has "turned into a[n] inside cyberbullying scheme job, with artificial intelligence and aviation, which [makes] this case difficult to understand and it's beyond the scope of one's intellect." *Id.* at 5-6.  Plaintiff asserts federal jurisdiction based on alleged violation of her Fourth Amendment rights. *Id.* at 2.

Plaintiff's allegations related to the defendants' "coercion, perjury and intentional false statements" in the custody case are lengthy and detailed, as are the allegations related to defendants' alleged "cybersecurity attacks" on her computer and cell phone.  The Court does not attempt to summarize these allegations but instead describes only the allegations that are relevant to the existence of federal jurisdiction.

Plaintiff alleges that her mother and Edward Vergel Astorga, Sr. "teamed up" to deprive her of custody of her son. *Id.* at 6.  Plaintiff alleges that when she told her mother that she was going to inform the judge in the state court case about her mother's perjury in that case, her mother "orchestrated the McDaniels to destroy all of the digital evidence [and] put tainted evidence in [her] computer and [her] cell phone systems, that appears to makes [her] appear to be a pedophile." *Id.* Plaintiff further alleges that the "McDaniels deprived [her] of using [her] emails, blocked [her] from paying [her] bills" and she "now [has] bad credit." *Id.* Plaintiff alleges that she is "constantly under surveillance with hacking and tracking" and that she is being tracked "by airplane." *Id.* at 7.

Plaintiff alleges that "[s]ince [she is] being tracked by aviation this has given reason to believe the McDaniels couple who are government officials has fabricated and fraudulently given the federal police officials a tainted false report against [her] to intentionally get [her] arrested, this also gives [her] reason they are all jointly working together to build a fraudulent case against [her]." *Id.* at 7-8.  Plaintiff later alleges that the McDaniels are employed by Defendant SecurityBrick, Inc., where Sarah McDaniels is a "Cybersecurity Strategic Advisor" and Adrian McDaniels is a "Project Management GRC Analyst." *Id.* at 20.  Plaintiff alleges that the McDaniels attended a restraining order hearing  to listen to Plaintiff's testimony and "destroy evidence pertaining to the fraud and fabrication of [her] child custody case[,]" and  destroyed

2

evidence in Plaintiff's computer so that Brenda Martin could avoid prosecution. *Id.* at 19-20. According to Plaintiff, Brenda Martin also stated at the restraining order hearing that the McDaniels were "helping her with phone call logs and other things related to evidence." *Id.* at 20. Plaintiff alleges that the McDaniels committed a cybercrime against her. *Id.*

Plaintiff asserts three claims in her complaint. First, she asserts a claim under the Fourth and Fourteenth Amendments against Defendants Brenda Martin, Sara McDaniels and Adrian McDaniels. *Id.* at 21. In this claim, Plaintiff alleges that Martin conspired with Sara and Adrian McDaniels, "who are officials acting in a government capacity," to deprive her of her right to privacy under the Fourth Amendment by hacking into her electronic devices. *Id.* As part of this claim, Plaintiff alleges that the McDaniels defendants "abused their power while they [were] employed as Cybersecurity Strategic Advisors and Project Management." *Id.* at 22. She also alleges in this claim that the McDaniels defendants acted "under color of law." *Id.*

Second, Plaintiff asserts a claim for violation of her Fourth and Fourteenth Amendments against Microsoft Corporation and Google Corporation. *Id.* at 23. According to Plaintiff, Microsoft and Google "assisted the McDaniels" defendants with respect to their alleged cybercrimes against her. *Id.*

Third, Plaintiff asserts a claim for perjury and defamation against defendants Brenda Martin and Eward Astorga. *Id.* at 24.

In her demand for relief, Plaintiff asks the Court for "civil liability under Sec. 1983" and both monetary and injunctive relief.

**III.    ANALYSIS**

    **A.    Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)**

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). In addition, the Court must dismiss a complaint where no basis for federal jurisdiction is apparent from the allegations. Cato v. United

3

1   States, 70 F.3d 1103, 1106 (9th Cir. 1995).

2       To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

    Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.     Discussion**

As a preliminary matter, the Court must address whether there is federal jurisdiction over Plaintiff's complaint. *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Federal courts have limited subject matter jurisdiction and may only hear cases falling within their jurisdiction. The two most common forms of federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. Here, Plaintiff invokes federal question jurisdiction based on violation of her rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution.  She has not, however, state a claim under Section 1983 and therefore, she has not established the existence of federal jurisdiction in this case.

Under 42 U.S.C. § 1983, a claim for violation of constitutional rights may be brought against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  Plaintiff attempts to meet the state actor requirement by alleging that the McDaniels defendants are "government official" who acted under "color of law" and that they worked together with the other named defendants to deprive her of her constitutional rights. However, she has not identified any specific government position held by the McDaniels defendants and contradicts her allegations that they are government officials by alleging that they work for a private company, SecurityBrick, Inc., as a "Cybersecurity Strategic Advisor" (Sara McDaniels) and a "Project Management GRC Analyst" (Adrian McDaniels).

Because Plaintiff does not allege facts showing that the state actor requirement under 42 U.S.C. § 1983 is met, she fails to state a federal claim in her complaint.

**IV.     CONCLUSION**

For the reasons discussed above, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed because there is no federal jurisdiction over her complaint.   Plaintiff may respond by filing either an amended complaint that addresses the deficiencies discussed above or a response that addresses why her current complaint is sufficient.  Plaintiff's response shall be filed by **December 10, 2025**.   If Plaintiff does not file a response by that date, the case will be

reassigned to a United States district judge with a recommendation that it be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Any amended complaint must include the caption and civil case number used in this order (25-cv-7239) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaint, any amended complaint may not incorporate claims or allegations of Plaintiff's original complaint by reference, but instead must include all of the facts and claims Plaintiff wishes to present and all of the defendants he wishes to sue.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102. The Oakland office is located in Room 470 S on the 4th floor at 1301 Clay Street, Oakland, CA 94612. Appointments can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: November 11, 2025

_____
JOSEPH C. SPERO
Chief Magistrate Judge